Case number five today is United States v. Ledonne. Ms. Christensen. Good morning, Your Honors. May it please the court, counsel. I am Joanna Christensen and I represent the appellant, Mr. James Ledonne, in this case. The issue before the court is whether the district court erred in applying the obstruction of justice enhancement based on statements Mr. Ledonne made to the pretrial services officer regarding his criminal history that were immediately corrected. The court found that the initial denial was false and it was material because criminal history is used to determine bail and bond status. However, the court did not make additional findings in compliance with the commentary to the guidelines, including that not all inaccurate statements count as obstruction of justice. The court must consider whether the statements are the result of confusion, mistake, or faulty memory. Given the factual posture of this case, Mr. Ledonne was being interviewed with pretrial services 14 years after he had fulfilled his debt to society by finishing the term of supervisor lease in federal court. Now, he may have initially denied it, perhaps believing that he was no longer under the court's jurisdiction, which he wasn't, and then corrected it immediately. This cannot be anything other than confusion and mistake. It was not material to the court's decision, didn't even make it to the magistrate judge. The probation officer knew at the time that Mr. Ledonne had criminal history, knew all of his criminal history, and said, testify that it's not unusual for a defendant to minimize or forget all of his criminal history. Furthermore, one of the convictions that was not mentioned, the Arizona conviction, had actually occurred 25 years prior to the pretrial services interview and resulted in Mr. Ledonne spending only five days in jail, something that is probably not easily forgotten, but over and done with 25 years later, and he simply responded that he didn't feel he had criminal history. Ms. Christensen, should it make a difference to us that the underlying conviction is fraud versus some other type of street crime? I don't think it makes a difference for the obstruction of justice, Your Honor. I think that it's not uncommon for defendants to have criminal history similar to the offense that they're currently being held for, and the evidence against Mr. Ledonne that the government presented anyway was significant for fraud, and after question, he said he didn't deny that he had the federal fraud conviction and other state convictions wrapped up. I'm not sure that the nature of the crime is relevant in the obstruction of justice determination. It also didn't make any difference in any other part of the proceedings. So unlike many defendants who received this enhancement for pretrial service interview false statements, it was immediately corrected. It was not corrected when someone found out later and confronted him with it. It was not corrected at sentencing or at the change of plea. It was immediately corrected by Mr. Ledonne and never denied again. He never said at any point that he didn't have that criminal history after his initial denial. The court also failed to look at Application Note 5, which lists types of conduct that are not obstruction of justice, that it says providing incomplete or misleading information isn't obstruction of justice, and in this case, Mr. Ledonne's statement falls into this application note. He was asked about criminal history that was significantly in the past. He had completed his restitution, his prison term, and his supervisory release on all of the convictions, and he simply answered no he didn't because it had been 14 years since he had to deal with the criminal justice system. And while we may understand that this is criminal history in the way criminal history is determined in federal court, it was in the long past for Mr. Ledonne. When the probation officer asked him, he admitted it. Again, and this ties into my argument that the court relied on improper information. It's not factual information necessarily that was improper. It was the court's improper omission of considering the commentary and the facts that underlie that commentary, that this could have been faulty memory, confusion, or mistake. And it failed to account for the fact that Mr. Ledonne. I understand that as an argument to be made to the district judge, but the district judge didn't buy it. The district judge said people who have spent years in prison don't forget that. Why is that a forbidden inference for the judge to draw? I don't think that's a forbidden inference, Your Honor. I think the forbidden is that the court didn't consider that this could have been simply a mistake. Him thinking that it was in the past. That's what the judge found, right? If you've spent years in prison, you remember. If you're asked if you have any convictions, you have to know that the answer is yes. Now, you have an argument. It seems to me tissue thin, but maybe a judge could have bought it. But why, as a matter of law, was the judge required to buy it? I'm not saying the judge was required to buy the argument that was made. The judge was required to consider the commentary to the guidelines. And, yes, I doubt that Mr. Ledonne or anyone who has spent any time in prison forgets that they were in prison. However, if it's been 14 years since your release from any jurisdiction of the justice system, then I think that you would answer, no, I don't have a criminal history. You know, there are cases like Gaddy where. Maybe you would find a judge credulous enough to believe that. But the contention that, as a matter of law, a judge must believe that, where does that come from? You've got an argument. You make it to the trier of fact. The trier of fact doesn't buy it. Again, I'm not saying the judge has to buy it. I'm saying the judge has to make the considerations that it might have been something else. And so if he says it was a mistake because he spent time in prison, then it can still be confusion about what the question is. And I understand that most people who would like to forget they were convicted, particularly if 14 years have passed. So I understand this court's point, and it was made to the district court, and the district court failed to make the proper findings. Unless this court has other questions, I will reserve my time for rebuttal. Thank you. Certainly, Ms. Christensen. Mr. Whalen. Thank you, ma'am. May it please the court, Nathaniel Whalen here on behalf of the United States of America. Your Honors, the district court did make a factual finding that Mr. Ledone intentionally lied about having no criminal convictions. In its order on page 17, the district court said the misrepresentation was clearly intentional as well. He's a convicted felon and spent years in federal prison. There's no chance he simply forgot he had a criminal history. He spent five years in federal prison on a previous fraud. Surely there is some chance he forgot. But I take it there's no evidence that he suffers from a mental condition impairing his long-term memory. That's correct, Your Honor. There was a competency evaluation, and the treating physician found no issues in that regard. But the court didn't just say this was an inference that no one who spent time in federal prison could forget, because the court goes on and talks about… Somebody who spent time in federal prison could forget. Sure. If you sit around, you will find that our final case for argument today deals with somebody who has serious memory-related problems. There can be such problems. As I said in the Social Security case, we all too often get arguments in which one side says no judge could find that, and the other side says a judge has to find that, when the only question on the table is whether it is permitted for the judge to find something. Your Honor, we're not saying that the judge couldn't find that. And my point is that if you go to the next page, page 18, Judge DiGiulio outlines what actually happened in this case, which is the probation officer says, do you have any criminal convictions? He says no. They say again, do you have any criminal convictions? He says no. And then he says the third time when confronted, they're all tied together. And Judge DiGiulio says that sequence leaves little doubt that Mr. Ladon was attempting to conceal his criminal history. So the district court is finding in this case, based on that sequence, that he intentionally lied. And that finding is not clearly erroneous, which is the standard here, because it is a factual question. Now, Mr. Ladon argues that he immediately corrected it. Again, I don't think that's what the record shows in this case. I think the record shows he fessed up when he was confronted with his criminal convictions. And I think, Judge Brennan, your question is a good one about should the fact that it's fraud matter. And the answer to that is yes, it should matter in terms of whether the judge's finding of an intentional lie is clearly erroneous. Mr. Ladon's history shows he's a liar. The fact that he's convicted of fraud shows he's a liar. The fact that he has forgery convictions, theft convictions, lies to the court, had his bond revoked in his first federal case. He got obstruction of justice. That all supports the district court's conclusion that he intentionally lied instead of just made some mistake or forgot that he had a criminal conviction. Your Honors, the probation officer didn't ask him, do you have any criminal history? The questions were, I'm sorry, the probation officer did ask him, do you have any criminal history? And the exact response is he stated he did not have any criminal history. Probation officer continues to testify. I brought up his previous federal case, and he said he did not recall any of that. Then he said everything was tied together. So we have two denials, and then he says it's tied together. And that's what the district court found showed that he intentionally lied. Again, that wasn't clearly erroneous. And you're reading from district court docket entry 332-4, pages 2 and 3? Correct, which is also sentencing exhibit 23. So when there was the objection to the evidentiary here, we reintroduced this transcript as sentencing exhibit 23. Your Honors, and just one other point I guess I'd like to address, which is Mr. Ledone's contention that this wasn't material. The question is whether it's capable of influencing a decision maker. This court has held in cases for roughly 30 years now that giving false information about criminal history to a probation officer is material because it affects the decision whether, in this case, to hold that person on bond. Mr. Ledone, as the record shows in this case, was intent on trying to get out on pretrial release. His previous conviction, he had been out once, and then he had his bond revoked pending that trial. So he understood the difference between being out for trial and being in on bond. He files five, I believe, represented motions to get out, numerous other pro se motions to get out, and the district court was entitled to conclude that he was trying to lie to the probation officer because he understood his criminal history was going to affect the magistrate judge's determination as to whether to hold him pending bond. Ultimately, it doesn't matter whether the probation officer is sitting there with the criminal history or not because attempted obstruction also qualifies under the guidelines. And so the fact that he didn't trick the probation officer is ultimately irrelevant for that determination. Your Honors, unless this court has any further questions, we'd rest our briefs on the other points and ask that you affirm the sentence. Thank you. Thank you, Mr. Whalen. Anything further, Ms. Christensen? Yes, Your Honor. I'd just like to say again, I'm not saying no judge could make this finding. I'm saying that the judge had to consider the commentary to the guidelines, which it did not consider. Ms. Christensen, on this issue of the financial background, is part of your argument hinging on the distinction between being asked about liabilities and there being judgments? Is it the terminology that is? I don't think that's what my argument hinges on. He was asked about liabilities. The two that were at issue that weren't disclosed were business-type liabilities. One was through bankruptcies that his business went through. And another one, I believe, was related to a contract dispute among partners. So the question, and it boils down to the judge made no findings about those liabilities as being false or not false. But that gets into a much murkier area of fact is what he understood the question to be. And there is no testimony from the probation officer on that point particularly. Aside from, I believe that she said that he didn't disclose those two liabilities, but did disclose others, medical and house and car loans, that sort of thing. So again, I don't think that there's enough in the record to show that that was obstruction of justice. I would like to close by saying that there are many defendants that go through this pretrial services interview and may make a misstatement that they immediately correct. It cannot be the standard that that's obstruction of justice, particularly regarding criminal history. If someone has a misdemeanor that perhaps they didn't serve any time for non-reporting probation, there is a question about whether that must be reported. Mr. Ledone's case is, of course, different, but it's a dangerous precedent to set. So unless the court has further questions, I ask that the court reverse and remand. Thank you. Thank you. Thank you, counsel. The case is taken under advisement.